UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CASE NO.: 3:24-cv-00346

BARRY W. ROSEN,

            Plaintiff,

v.

AUTOGRAPHCOA, LLC, and DOES 1-10, inclusive,

            Defendant,

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff BARRY W. ROSEN by and through his undersigned counsel, brings this Complaint against Defendant AUTOGRAPHCOA, LLC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff BARRY W. ROSEN ("Rosen") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Rosen's original copyrighted Works of authorship.

2. Rosen has been a professional photographer for nearly 40 years creating distinguished works. Over that time, he has produced photos for numerous large advertisers including a number of beer companies, sunglass makers, along with ski, fashion, jewelry and others. Rosen has created album covers for record companies, produced numerous calendars, and famous posters that have been distributed worldwide, as well as produced editorials for

magazines and newspapers featuring famous celebrities, models and sports stars. He has been featured on tv shows such as Extra, Entertainment Tonight, and Access Hollywood.

3.  Defendant AUTOGRAPHCOA, LLC ("ACOA") is a memorabilia authentication service specializing in celebrity, music, political and space memorabilia. At all times relevant herein, ACOA owned and operated the internet website located at the URL https://www.autographcoa.com/ (the "Website") and the infringing activities at issue are occurring on the Website with the infringing copies Rosen's copyrighted Works residing on ACOA's server(s) and are being publicly distributed and/or displayed on the Website.

4.  Rosen alleges that Defendant directly infringed by making copies Rosen's copyrighted Works and posting them on ACOA's Website for public display/distribution in order to advertise, market and promote its business activities. ACOA committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of ACOA's business.

5.  Rosen is informed and believes that ACOA is owned and operated by Justin Steffman and Michael Kasmar and that Steffman and Kasmar also own/operate the Real Autograph Collectors Club ("RACC") and also operate a website related thereto located at the URL https://www.racctrusted.com ("RACCWEB"). Plaintiff is further informed and aware that ACOA committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of ACOA's business on the RACCWEB. Rosen also now reserves the right to add Steffman and Kasmar as defandants for infringements on RACCWEB.

6. Plaintiff is informed and aware that Michael Kasmar also owns and operates a related business by the name of Autograph Pros, LLC, which has previously infringed some of Rosen's other copyrighted Works and has also been sued for copyright infringement by Rosen.

7. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

## JURISDICTION AND VENUE

8. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

9. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

10. Defendant is subject to personal jurisdiction in Connecticut.

11. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, ACOA engaged in infringement in this district, ACOA resides in this district, and ACOA is subject to personal jurisdiction in this district.

## DEFENDANT

12. AutographCOA, LLC is a Connecticut Limited Liability Company, with its principal place of business at 386 Main Street, Middletown, Connecticut 06457, and can be served by serving its Registered Agent, Justin Steffman at the principal place of business. On

information and belief, Justin Steffman may also be served at 225 Baldwin Ave, Meriden, Connecticut 06450.

## THE COPYRIGHTED WORKS AT ISSUE

13. In 1997, Rosen created the photographs entitled "Jeri Ryan-15 and Charisma Carpenter-8," which are shown below and referred to herein as the "Works".



Charisma Carpenter-8

4
**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ NEW YORK



Jeri Ryan-15

14.     Rosen registered the Works with the Register of Copyrights on February 28, 2005 and was assigned registration numbers VAu 660-265 (Charisma Carpenter) and VAu 660-267 (Jeri Ryan).  The Certificates of Registration are attached hereto as **Exhibit 1**.

15. Rosen's Works are protected by copyright but were not otherwise confidential, proprietary, or trade secrets.

16. At all relevant times Rosen was the owner of the copyrighted Works at issue in this case.

## INFRINGEMENT BY ACOA

17. Neither ACOA or anyone else has never been licensed to use the Works at issue in this action for any purpose.

18. On a date after the Works at issue in this action were created, but prior to the filing of this action, ACOA copied, distributed and publicly displayed the Works.

19. On a date after the Works at issue in this action were created and registered, but prior to the filing of this action, ACOA created digital certificates that included a copy of the Works which were published and displayed online.

20. After ACOA copied the Works, it made further copies of the certificates with the Works, and distributed the Works on the internet and publicly displayed them on the Website at the following links: https://www.autographcoa.com/cert/SB75450/; and https://www.autographcoa.com/cert/SA56508/.

21. ACOA gave users the option to share the links with the Works on social media shown below on the Website (left side).



22. ACOA allowed users to share the link to the certificate with the Work illustrated below.



23. ACOA allowed users to use the sharing link displaying the Works to share to Facebook; Facebook Messenger; X (formerly known as Twitter); Reddit; Snapchat; and many

others shown below. ACOA assisted in the in the distribution of these Works by allowing users to share the Work.



24. ACOA copied and distributed Rosen's copyrighted Works in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

25. On or about March 13, 2021 and January 12, 2023 Rosen discovered the unauthorized use of his Works on the Website displaying the protected Works and their respective authentications for the memorabilia they were a part of.

26. ACOA copied, distributed and publicly Rosen's copyrighted Works without Rosen's permission.

27. Rosen's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

28. ACOA committed copyright infringement of the Works as evidenced by the documents attached hereto as **Exhibit 2**.

29. Rosen never gave Defendant permission or authority to copy, distribute or display the Works at issue in this case.

30. To date, the parties have failed to resolve this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

31. Rosen incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

32. Rosen created/authored the Works and owns valid copyrights in the Works at issue in this case.

33. Rosen registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

34. ACOA copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without Rosen's authorization in violation of 17 U.S.C. § 501.

35. ACOA performed the acts alleged in the course and scope of its business activities.

36. Defendant's acts were willful.

37. Rosen has been damaged.

38. The harm caused to Rosen has been irreparable.

**WHEREFORE**, the Plaintiff BARRY W. ROSEN prays for judgment against the Defendant AUTOGRAPHCOA, LLC that:

    a. ACOA and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

    b. ACOA be required to pay Rosen his actual damages and Defendant's profits attributable to the infringement, or, at Rosen's election, statutory damages, as provided in 17 U.S.C. § 504

   c. Rosen be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

   d. Rosen be awarded pre- and post-judgment interest; and

   e. Rosen be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Rosen hereby demands a trial by jury of all issues so triable.

DATED: March 13, 2024    Respectfully submitted,

*/s/ Joseph A. Dunne*
JOSEPH A. DUNNE
Bar Number: CT30816
joseph.dunne@sriplaw.com

**SRIPLAW, P.A.**
175 Pearl Street
Third Floor
Brooklyn, NY 11201
929.200.8446 - Telephone
561.404.4353 – Facsimile

*Counsel for Plaintifsrf Barry W. Rosen*